UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ZOLIA RICHARD obo Z.N.F. | : | DOCKET NO. 2:07-cv-989 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, it is recommended that the Commissioner's decision to deny benefits be affirmed and this matter be dismissed with prejudice.

## Background

Plaintiff, Zolia Richard, filed an application for disability insurance benefits on behalf of her minor son, Z.N.F. ("claimant") on August 21, 2002, alleging disability beginning January 30, 2002, his date of birth. Tr. 94-97. On initial determination, plaintiff's claim was denied. Tr. 37. As a result, plaintiff sought an administrative hearing. Tr. 73. A hearing was held on November 16, 2004. Tr. 55, 228-296.

On June 9, 2005, the ALJ rendered an unfavorable decision finding that claimant has "not been under a disability at any time from the alleged onset date through the date of this decision." Tr. 27-36. Plaintiff requested review of the ALJ's decision before the

1

appeals council, and on August 19, 2005, the council reversed and vacated the decision and remanded the case to the ALJ stating:

> The evidence of record shows that there was a post-hearing consultative examination performed on March 14, 2005 (Exhibit 8F) and the Administrative Law Judge did not proffer this examination to the claimant or the claimant's representative. HALLEX I-2-30A states that the Administrative Law Judge must proffer all posthearing (sic) evidence unless: the evidence was submitted by the claimant or the claimant's representative and there is no other claimant to the hearing; or the claimant has knowingly waived his right to examine the evidence. The evidence of record does not show that either one of these reasons have occurred.

Tr. 52.

A second hearing was conducted on June 1, 2006. Tr. 40, 297-339. Testifying at this hearing was Theresa Richard, grandmother of claimant, Nancy Sheppard, godmother of claimant, and claimant, who was four years old. On December 28, 2006, the ALJ issued an opinion denying benefits. Tr. 9-22. Plaintiff filed a request for review before the appeals counsel which was denied on April 6, 2007. Tr. 4-6. Thus, this decision became the final administrative decision of the Commissioner.

Plaintiff filed the above-captioned civil action seeking this court's review.

## **Standard of Review**

"In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir. 1964)). The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Greenspan*, 38 F.3d at 236). "It is 'more than a mere scintilla and less than a preponderance.'" *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)). It is "such relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

In applying the substantial evidence standard, the reviewing court critically inspects the record to determine whether such evidence is present, "but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461 (citing *Greenspan*, 38 F.3d at 236; *Masterson*, 309 F.3d at 272). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez*, 415 F.3d at 461 (citing *Masterson*, 309 F.3d at 272).

### Law and Analysis

The burden of proving that he or she suffers from a disability rests with the claimant. *Perez*, 415 F.3d at 461. Disability, for a child under the age of eighteen, is defined as "a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1997).

The ALJ conducts a three-step sequential analysis to determine whether a child is disabled.. *See Swist ex rel. Green v. Barnhart,* 177 Fed.Appx.414, 416 (5th Cir. 2006). First, he considers whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. Here, the ALJ found claimant was not. Tr. 15. Second, the ALJ determines whether the child has a medically determinable impairment that is severe. An impairment is not severe if it is a slight abnormality or combination of abnormalities that causes no more than minimal functional limitations. *Id.* Here, the ALJ found that claimant suffers from the severe impairment of developmental delays. Tr. 15. The third consideration is whether the impairment meets or medically equals the criteria listed in the disability regulations, or whether the impairment functionally equals the listings *Id.* The ALJ concluded, in this case, that claimant's impairment neither met nor medically equaled a listed impairment. Tr. 15. Thus, he next considered whether claimant's impairment functionally equaled a listed impairment.

In order to determine whether an impairment functionally equals a listed impairment, the regulations require the ALJ to consider the child's limitations in six areas or domains: (1) acquiring and using information, which is generally concerned with school performance; (2) attending and completing tasks, which places emphasis on the ability to concentrate, organize, and deal with distractions; (3) interacting and relating with others, is the ability to socialize; (4) moving about and manipulating objects, which incudes coordination, and physical fitness; (5) caring for yourself, which gages how well the child has his physical and emotional needs met in appropriate ways; and (6) health and physical well-being, which considers the cumulative physical effects of physical or

4

mental impairments and the effect of any related treatments on the child's functioning. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

An impairment is functionally equivalent to a listed impairment, and the child will be considered disabled, if he has an "extreme" limitation in one domain or a "marked" limitation in two domains. 20 C.F.R. § 416.926a(d) [1] Here, the ALJ found that claimant had a marked limitation in the area of acquiring and using information. Tr. 17. In all other areas or domains, the ALJ found either less than marked or no limitation. Tr. 17-21. Thus, the ALJ determined that claimant does not have an impairment or combination of impairments that functionally equals the listings. Tr. 15.

Plaintiff asserts that the ALJ erred in: 1) finding that claimant's impairment does not meet or medically equal the listed impairments; and 2) finding that claimant does not have an impairment or a combination of impairments which functionally equals the listed impairments.

**1)** **Whether substantial evidence supports the ALJ's decision that claimant's impairment does not meet or medically equal the listed impairments**

Plaintiff argues that the evidence submitted at the hearing was sufficient for the ALJ to determine that claimant meets Listing 112.05D, Mental Retardation. Plaintiff relies on the consultative psychological evaluation performed by Dr. Rick Adams and submits that

---

[1] A "marked" limitation interferes seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). It also refers to a limitation that is more than "moderate", but "less than extreme." *Id.* A "marked" limitation is equivalent to standardized test scores that are at least two, but less than three deviations below the mean. *Id.*

An "extreme" limitation interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). Day-to-day functioning may be very seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of his impairment(s) limit several activities. Id. An "extreme" limitation is equivalent to standardized test scores htat are at least three standard deviations below the mean. *Id.*

5

the testing and conclusions drawn by Dr. Adams establish "*per se* entitlement under Listing 112.05D"[2]

20 C.F.R. Part 404, Subpt. P, App. 1, Listing 112.05D provides:

Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.

The required level of severity for this disorder is met when the requirements in A,B,C,D,E or F are satisfied. . . .

D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function[.]

The psychological report submitted by Dr. Adams indicates that he administered the Wechsler Preschool and Primary Scale of Intelligence-III test to claimant. Tr. 222-225. The results were a verbal IQ of 90 (average range) and a performance IQ of 66 (extremely low range). Claimant's overall full scale IQ was 77, which indicates borderline functioning. Tr. 224.

Plaintiff argues that claimant's score of 66 on the performance IQ coupled with the ALJ's finding that he suffers from severe impairments of developmental delays, and speech and attention deficits (Tr. 15) satisfies the requirements of Listing 112.05D. Thus, he contends that the ALJ was incorrect in finding that claimant did not meet the listing.

In response, the Commissioner asserts that the performance IQ score alone does not provide an accurate picture of an individual's intellectual functioning. Rather, the Commissioner suggests that the evidence as a whole supports the ALJ's decision that the claimant does not suffer from mental retardation and thus, did not meet the criteria of Listing 112.05D. The Commissioner citing the case of *Muse v. Sullivan,* 925 F.2d 785,

---
[2] Brief of Plaintiff, Doc. 18, p. 7.

790 (5th Cir. 1991), asserts that making factual determinations on the validity of IQ scores is within the province of an ALJ. Thus, the Commissioner concludes that the record contains substantial evidence to support the ALJ's finding that claimant did not suffer from mental retardation. We agree.

In his report, Dr. Adams notes that the results of his intellectual testing are "ostensibly valid," but then continues, "he [claimant] was so impatient with some of the nonverbal tasks that results may be a slight underestimate of his abilities." Tr. 224. His diagnostic impression was Axis I - disruptive behavior disorder NOS (with risk for ADHD) and Axis II - borderline intellectual functioning (with variable abilities). Tr. 225.

The ALJ found "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms … not entirely credible." Credibility determinations are within the province of the ALJ and are afforded great deference and will not be disturbed by this court. *Broadnax v. Barnhart,* 54 Fed.Appx. 406, *1 (5th Cir. 2002). The findings of the ALJ as noted in the decision are substantially supported by the evidence. The ALJ noted that claimant was in school and was able to count and say his alphabet. Claimant is not a problem in the classroom, although he is sometimes put in timeout as a form of discipline. Claimant plays with other children but is described as hyperactive. Tr. 15. Additionally, the ALJ personally interviewed claimant and was able to observe for himself his demeanor. The record indicates that claimant responded age appropriately to each of the ALJ's questions. Tr. 330-333. The ALJ found:

> Claimant's performance IQ of 66 does reveal some learning disability but not listing level in that he achieved a 90 in the verbal area. Claimant is in occupation[al] and physical therapy to help him with his developmental delays. Claimant was in special education and making strides to his goals

7

(Exhibit 6E)[3]. He is functioning at an age appropriate level in many of his activities of daily living though he is delayed in some areas it is not listing level despite . . . his performance IQ.

Tr. 17.

We find that substantial evidence supports the ALJ's conclusion that claimant's impairment does not meet listing 112.05D.

> **2)** **Whether substantial evidence supports the ALJ's decision that claimant's impairment does not functionally equal the listed impairments**

Next, plaintiff argues that the psychological evaluation performed by Dr. Adams showed that claimant had a "marked" limitation in two domains which would render his impairment functionally equivalent to Listing 112.05D. Plaintiff argues, relying on *Blakes, obo Wolfe v Barnhart,* 331 F.3d 565 (7th Cir. 2003), that the ALJ was not within his bounds when he disregarded the report of the expert and substituted his own opinion regarding claimant's limitations. In *Blakes,* the court found that the ALJ failed to "build an accurate and logical bridge" between the evidence and her conclusions of law. *Id.* at 569. The court reversed the decision of the ALJ denying benefits and stated that she relied on "conjecture and her own assessment of the medical evidence to reach conclusions unsupported by the record." *Id.*

In response to this argument, the Commissioner asserts, by referring to specific instances in the record, that the findings of the ALJ concerning claimant's limitations

---

[3] Exhibit 6E is claimant's Individualized Education Program prepared by the Calcasieu Parish School Board. It notes claimant's strengths as "age level or above in … gross motor, language, self help, and personal/social. … [Claimant] can tell you his age, gender, school and birthday. He knows his colors and can recite simple, familiar songs. He answers questions about physical needs, discriminates is/is not by pointing to objects, demonstrates understanding of prepositions by placing a cube, and tells use of objects." Tr. 122.

8

were supported by substantial evidence introduced at the hearing despite any contrary conclusion found in the psychological report.

The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly. *Harvard v. Sullivan,* 981 F.2d 1256 (5th Cir. 1992) (citing *Moore v Sullivan,* 919 F.2d 901, 905 (5th Cir. 1990)). "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* (citing *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987)), 20 C.F.R. § 404.1527 and § 416.927.

Dr. Adams' report indicates that claimant has "marked" limitations in the domains of attending and completing tasks and moving about and manipulating objects. Tr. 226-227. However, the ALJ found only "marked" limitations in the domain of acquiring and using information. He found a "less than marked" limitation in attending and completing tasks and explained:

> Consultative examiner opined that claimant seemed to have been inattentive and had difficulty focusing on assessment tasks (Exhibit 8F, page 2)[4]. He is noted to need redirection in class and in testing but he is easily redirected and not noted to be a problem in the classroom.

Tr. 18. The ALJ further found "no limitation" in moving about and manipulating objects and explained:

> Despite the consultative examiner's opinion that claimant had a marked limitation in this area there was no evidence that claimant had problems with this area. He was able to function in school and play age appropriately.

Tr. 19.

Unlike the *Blakes* case cited above by plaintiff, the ALJ here adequately supported his opinion based on evidence found in the record. It was within the discretion of the

---
[4] Exhibit 8F is the psychological evaluation report of Dr. Adams.

ALJ to determine the credibility of the medical opinions in the record and we find substantial evidence to support his conclusion that claimant's impairment does not functionally equal listing 112.05D.

As an appendix to her brief, plaintiff attaches a letter from the Social Security Administration dated February 24, 2009 which awards benefits to claimant based on an application filed on November 13, 2008.[5] Plaintiff submits no argument in connection with this letter. The Commissioner, in response, argues that a subsequent award of benefits is not relevant when determining whether a denial was based on substantial evidence presented before the ALJ. In a case cited by the Commissioner, *Wilson v. Apfel,* 179 F3d 1276, 1279 (11th Cir. 1999), the Eleventh Circuit declined to consider evidence attached as an appendix to plaintiff's brief stating that the evidence was irrelevant because their review is limited to whether claimant was entitled to benefits "during a specific period of time, which period was necessarily prior to the date of the ALJ's decision."

Additionally, the Commissioner points out that the subsequent grant of SSI disability to claimant was based on a finding that claimant met Listing 112.10A and B, autistic disorder, an issue that was never addressed at the hearing that is the subject matter of this opinion.

We find that the letter attached to plaintiff's brief as an appendix is not properly before us as it was not a part of the evidence received by the ALJ and considered on review by the Appeals Council. *See Higginbotham v. Barnhart,* 405 F.3d 332 (5th Cir. 1005) (The record before the court on review includes the evidence presented before the ALJ and the Appeals Council.) Furthermore, any subsequent award of benefits based on

---

[5] See brief of Plaintiff, Appendix, Doc. 19, p. 3.

a listing not considered by the ALJ at the hearing which is before us today on review is irrelevant to our determination in this matter.

For all of these reasons, substantial evidence supports the ALJ's determination that plaintiff does not meet the requirements for social security disability benefits. It is therefore RECOMMENDED that the Commissioner's unfavorable determination be AFFIRMED. Accordingly, it is RECOMMENDED that plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE this 13th day of May, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE